**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TERESA M. HARRIS,<br><br>      Plaintiff,<br><br>    v.<br><br>COMMISSION OF SOCIAL SECURITY,<br><br>      Defendant. | Case No. 1:25-cv-0287 KES GSA<br><br>ORDER ADOPTING THE FINDINGS AND RECOMMENDATIONS, DENYING PLAINTIFF'S APPEAL, GRANTING DEFENDANT'S REQUEST TO AFFIRM, AND DIRECTING ENTRY OF JUDGMENT IN FAVOR OF DEFENDANT<br><br>Docs. 17, 21, 22, 23 |

Teresa Harris seeks judicial review of an administrative decision denying her application for a period of disability and disability insurance benefits under Title II of the Social Security Act. Doc. 1. Plaintiff contends the administrative law judge ("ALJ") erred in evaluating the medical opinions in the record—by accepting the opinion of Dr. Vu, who offered an opinion at the initial level, over the opinion of Dr. Rudito—and in addressing her subjective complaints in determining her physical residual functional capacity ("RFC"). Docs. 17, 22. The Commissioner asserts that the Court should affirm the ALJ's decision. Doc. 21.

## I.    **Findings and Recommendations**

The magistrate judge found that the ALJ properly considered the opinions of Drs. Vu and Rudito, by addressing the supportability and consistency of each opinion. Doc. 22 at 6-9. The magistrate judge also found the ALJ identified legally sufficient reasons for rejecting Plaintiff's subjective complaints concerning limitations on her manipulability. *Id.* at 9-11. The magistrate

1

judge concluded that "substantial evidence and applicable law support the ALJ's conclusion that Plaintiff was not disabled." *Id.* at 12.  The magistrate judge recommended the Court deny Plaintiff's appeal, grant the Commissioner's cross-motion, and affirm the administrative decision of the Commissioner. *Id.*

**II.    Objections**

Plaintiff filed timely objections to the findings and recommendations.  She objects to the "finding that the ALJ's evaluation of Dr. Vu's opinion was proper under the controlling regulations and supported by substantial evidence."  Doc. 24 at 1 (emphasis omitted).  Plaintiff contends: "The ALJ somehow found Dr. Vu's opinion persuasive because Plaintiff's 'steady gait' was consistent with the limitations related to Plaintiff's upper extremities."  *Id.* at 2 (citing AR 26 [Doc. 11-3 at 27]).  Plaintiff maintains that the ALJ did not properly evaluate the consistency factor and instead accepted the manipulability limitations identified by Dr. Vu "without logical articulation."  *Id.* at 2-3.  Plaintiff does not object to the magistrate judge's findings related to her subjective complaints.

**III.    Discussion and Analysis**

A district judge may "accept, reject or modify, in whole or in part, the findings and recommendations . . ." 28 U.S.C. § 636(b)(1).  If objections are filed, "the court shall make a de novo determination of those portions of the report or specified proposed finding or recommendations to which objection is made." *Id.*  A de novo review requires the district judge to "consider[] the matter anew, as if no decision had been rendered." *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009).

**A.    Evaluation of medical opinions**

The regulations direct the ALJ to determine how persuasive a medical opinion is by considering the following factors: supportability, consistency, relationship with the claimant, specialization, and other factors showing the medical source's "familiarity with … other evidence in the record or an understanding of [the] disability program's policies and evidentiary requirements."  20 C.F.R. §§ 404.1520c(c)(1)-(5), §§ 416.920c(c)(1)-(5).  An ALJ is only required to discuss supportability and consistency, which are the two most important factors

2

"when evaluating the persuasiveness of medical opinions." *Woods*, 32 F.4th at 791 (quoting 20 C.F.R. § 404.1520c(a)); *see also* 20 C.F.R. § 416.920c(b)(2) ("we will explain how we considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in your determination or decision. We may, but are not required to, explain how we considered the [remaining] factors in paragraphs (c)(3) through (c)(5) of this section…").

The supportability inquiry is an assessment of "the extent to which a medical source supports the medical opinion by explaining the relevant objective medical evidence." *Woods*, 32 F.4th at 791-792 (quotation marks, citation omitted). Consistency compares a medical opinion with other evidence to determine its persuasiveness. *See id*. at 792. The Ninth Circuit has observed that "[e]ven under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Id*.

**B.    Opinion of Dr. Vu**

Evaluating the medical evidence, the ALJ observed that Dr. Vu opined that Plaintiff "could perform work at the light level of exertion and could frequently handle and finger bilaterally." Doc. 11-3 at 27. The ALJ found Dr. Vu's opinion persuasive, explaining:

> The undersigned finds this opinion persuasive as it is supported by a review of the medical records and includes adequate supportability. It is consistent with the record which demonstrates the claimant ambulates with a steady gait with even and unlabored respirations. [Citation.] The claimant also has a history of psoriasis and psoriatic arthritis with a right ring finger pip dislocation that failed conservative treatment, and resulted in ongoing limitations in the frequency the claimant can use their right upper extremity to handle and finger.

*Id.* (citations omitted). Consistent with the opinion of Dr. Vu, the ALJ concluded that Plaintiff "had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except she can frequently reach in all directions, handle, and finger with her right upper extremity (non-dominant)" and Plaintiff needed to "avoid work in extremely cold environments." *Id.* at 23.

Although Plaintiff contends that the ALJ erred in considering her "steady gait" without labored respirations because her gait was not relevant to her upper extremity conditions, the

opinion of Dr. Vu was not limited to Plaintiff's abilities and limitations with respect to her upper extremities.  At the initial level of review, Dr. Vu performed a complete physical residual functional capacity assessment, and which included findings that Plaintiff could occasionally lift and carry 20 pounds and frequently lift and carry 10 pounds, "stand/or walk (with normal breaks) for a total of [] about 6 hours in an 8-hour day," and sit for "about 6 hours in an 8-hour workday." *Id.* at 13-14.  Dr. Vu concluded Plaintiff was capable of a "light RFC," with additional manipulative limitations.  *Id.* at 11.  Under the regulations, a job is categorized as light work "when it requires a good deal of walking or standing."  20 C.F.R. §§ 404.1567(b) and 416.967(b).  Thus, the ALJ properly considered Plaintiff's ability to walk to determine whether the light work limitation identified by Dr. Vu was consistent with evidence in the record.

The ALJ also considered evidence regarding Plaintiff's history of "psoriasis and psoriatic arthritis with a right ring finger pip dislocation," and the consistency of the manipulative limitations identified by Dr. Vu with the objective medical record.  Doc. 11-3 at 25.  The ALJ observed that following the dislocation and initial treatment, Plaintiff "underwent a right ring finger PIP joint fusion." *Id.*  The ALJ observed that after the procedure, Plaintiff "reported doing well overall," exhibited difficulty with full flexion of her ring finger, but had "intact extension and flexion of her thumb[] and adduction of her fingers." *Id.*  Having reviewed these findings, the ALJ determined that Dr. Vu's opinion was consistent with the evidence as to the degree of Plaintiff's limitations with respect to the use of her "upper extremity to handle and finger." *Id.* at 27.  The ALJ thus carried his burden to consider the consistency of the opinion of Dr. Vu with other evidence in the record.

**IV.    Conclusion and Order**

Pursuant to 28 U.S.C. § 636 (b)(1), this Court conducted a de novo review.  Having carefully reviewed the matter, including Plaintiff's objections, the Court concludes that the findings and recommendations are supported by the record and proper analysis.

As the ALJ applied the proper legal standards, and the decision was supported by substantial evidence in the record, the Court affirms the administrative decision.  *See Sanchez v. Sec'y of Health & Human Serv.,* 812 F.2d 509, 510 (9th Cir. 1987); *see also Matney v. Sullivan,*

981 F.2d 1016, 1019 (9th Cir. 1992) ("The trier of fact and not the reviewing court must resolve conflicts in the evidence, and if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ").  The Court ORDERS:

1.    The findings and recommendations dated December 8, 2025 (Doc. 23) are ADOPTED.

2.    Plaintiff's motion for summary judgment and appeal from the agency's decision (Docs. 17, 22) are DENIED.

3.    Defendant's request to affirm the administrative decision (Doc. 21) is GRANTED.

4.    The Clerk of Court is directed to terminate any pending motions, enter judgment in favor of Defendant, and close this case.

IT IS SO ORDERED.

Dated:    June 18, 2026

_____
UNITED STATES DISTRICT JUDGE